287 Wis.2d 106 (2006)
2006 WI 7
708 N.W.2d 326
Mary E. FAZIO, Plaintiff-Respondent-Petitioner,
v.
DEPARTMENT OF EMPLOYEE TRUST FUNDS, Defendant-Appellant.
No. 2004AP64.
Supreme Court of Wisconsin.
Oral argument November 16, 2005.
Decided January 26, 2006.
For the plaintiff-respondent-petitioner there were briefs and oral argument by Robert L. Elliott, Milwaukee.
For the defendant-appellant the cause was argued by L. Jane Hamblen, assistant attorney general, with whom on the brief was Peggy A. Lautenschlager, attorney general.
*107 ¶ 1. SHIRLEY S. ABRAHAMSON, C.J.
This is a review of a published decision of the court of appeals.[1] The court of appeals reversed the order of the circuit court for Dane County, Patrick J. Fiedler, Judge, granting summary judgment in favor of Mary Fazio, individually and on behalf of other beneficiaries of deceased participants of the Wisconsin Retirement Fund, against the Department of Employee Trust Funds.[2]
¶ 2. The circuit court concluded that the Department of Employee Trust Funds had taken property for public use without just compensation in violation of Article I, Section 13 of the Wisconsin Constitution[3] by failing to include interest or earnings accrued from the date of the participant's death until payments were made to the beneficiary under Wis. Stat. § 40.73(1)(c) (2003-04).[4]
*108 ¶ 3. The court of appeals reversed the order of the circuit court, holding that there was no taking because Fazio did not acquire a property interest in a single cash sum death benefit under Wis. Stat. § 40.73(1)(c) until she applied for a death benefit as required by § 40.71(3). We granted Fazio's petition for review.
¶ 4. The court of appeals set forth the relevant facts, and the parties do not dispute them.[5] The essential facts are as follows: Fazio is the widow of Anthony Fazio. Anthony Fazio was a Wisconsin Retirement System (WRS) participant and was actively employed as a professor at the University of Wisconsin-Milwaukee upon his death on January 2, 1999. Fazio did not file for the death benefits until November 2000. On December 1, 2000, a $507,395.35 death benefit was paid to Fazio. This amount was calculated under Wis. Stat. § 40.73(1)(c) based on the amount in Anthony Fazio's account as of January 3, 1999, one day after his death, as provided for by § 40.73(1)(c).[6] Between January 3, 1999 and December 1, 2000, the death benefit was held in the fixed retirement investment trust account and, although interest was earned on the funds in the account, the Department paid no interest on the death benefit when it was paid to Fazio on December 1, 2000.
¶ 5. Fazio then filed suit in the circuit court, demanding that the interest be paid. The circuit court dismissed the original complaint on the ground that Fazio had failed to exhaust her administrative remedies. She appealed and the court of appeals determined *109 that Fazio was not required to seek relief with the Department and directed the circuit court to reinstate her complaint.[7]
¶ 6. On January 27, 2003, the circuit court certified the matter as a class action. The class was defined as "all persons having an interest as a beneficiary in a single cash sum death benefit paid or payable out of the funds of the Employe Trust Funds pursuant to Section 40.73(1)(c) Stats., from and after January 11, 1995." Fazio was designated class representative and her counsel, class counsel. The order granting partial summary judgment issued on July 30, 2003 and the order for judgment granting damages issued on November 24, 2003.
¶ 7. Fazio argues that because the department earned interest on her death benefit until the time she applied for the benefit and then distributed the benefit but kept the interest for its own purposes, an unconstitutional taking occurred. The parties agree that the statutes neither explicitly allow nor explicitly disallow the payment of interest to a beneficiary under these circumstances.
¶ 8. We agree with the court of appeals that no unconstitutional taking occurred because a beneficiary does not acquire a property interest in a single cash sum death benefit under Wis. Stat. § 40.73(1)(c) until the beneficiary applies for a death benefit as required by Wis. Stat. § 40.71(3).
¶ 9. For the reasons set forth by the court of appeals we conclude that nothing in Wis. Stat. § 40.73 creates an entitlement in the beneficiary to the annuity-value single cash sum benefit as of the date of *110 death even though the value of the single cash sum benefit is calculated as of the date of death. Until the Department received Fazio's written application, the Department could not determine the annuity-value single cash sum to which Fazio might be entitled because Fazio was entitled to the higher single cash sum payment calculated under either Wis. Stat. § 40.73(1) (am) or § 40.73(1)(c). The amount payable to Fazio under paragraph (am) (account-value death benefits) continued to increase each month after death by the addition of interest credited to the account through "the first day of the month in which the death benefit is approved." Wis. Stat. § 40.73(1)(am).
¶ 10. Fazio was thus entitled to the larger sum as determined by the account-value death benefits calculated with interest from death through the first day of the month in which the death benefit is approved and the annuity value as of the date of death. Accordingly, the total amount the beneficiary receives will always be at least as much as the account value at the participant's death plus the interest credited to the account through the first day of the month in which the death benefit is approved.
¶ 11. We are not persuaded by Fazio's arguments to reverse the decision of the court of appeals. First, Fazio argues that Wis. Stat. § 40.71 grants her an entitlement to a death benefit at the time of the participant's death. Wisconsin Stat. § 40.71 states, in relevant parts:
40.71 Death benefit eligibility. The following described persons are entitled to death benefits from the Wisconsin retirement system, in the form and at the times specified:

*111 (1) The beneficiary of any participant or of any annuitant on the date of death of the participant or annuitant....
(2) Any death benefit may be paid as a beneficiary annuity, subject to s. 40.73 (3), or as a single cash sum as specified by the beneficiary in the application for the death benefit unless the participant prohibited payment of a single cash sum in a written notice received by the department prior to the participant's death....
(3) Whenever any death benefit is payable in a single cash sum, it shall be paid only after receipt by the department of the following:
(a) A copy of the death certificate of the participant or annuitant;
(b) A written application of the beneficiary for the benefit; and
(c) Any additional evidence deemed necessary or desirable by the department.
¶ 12. Fazio reads Wis. Stat. § 40.71 to mean that a beneficiary is entitled to the death benefits from the Wisconsin retirement system on the date of the death of the participant. We conclude, as did the court of appeals, that a beneficiary is not entitled tothat is, a beneficiary does not have a property right ina single cash sum payment of death benefits until he or she has filed the proper application as required by § 40.71(3). The introductory language of § 40.71 applies to all three subsections. Subsection (1) of § 40.71 identifies the persons who are entitled to death benefits, subsection (2) spells out the form in which a beneficiary receives the benefit, and subsection (3) identifies the time at which the beneficiary is entitled to those benefits.
¶ 13. Second, Fazio argues that the Department's interpretation of the statutes contravenes the stated *112 legislative purpose of protecting public employees and their beneficiaries.[8] However, our decision does not interfere with this purpose. Beneficiaries receive the full value of the deceased participant's retirement fund. Because § 40.73(1)(c) provides that the benefit under that section is paid only if it is greater than the benefit provided by § 40.73(1)(am), the total amount the beneficiary receives will always be at least as much as the account value at the participant's death plus the interest earned prior to application.
¶ 14. Third, Fazio contends that if the beneficiary does not have a property interest between the time of death and the time the beneficiary applies for the death benefit, a gap exists in the ownership interest of the death benefit and the Department may use the interest earned on Fazio's death benefit for its own purposes.
¶ 15. WRS participants have property rights in the fund as a whole, Wis. Stat. § 40.04(3)(b), and no vacuum in ownership exists. Furthermore, the Department is obligated to use the money only for the benefit of the fund consistent with the purposes set forth in § 40.01(2).[9]
*113 ¶ 16. Fourth, Fazio contends that Wis. Stat. § 40.02(8), the statute that defines "beneficiary" for the purpose of ch. 40, supports the argument that she has an entitlement to the death benefit at the time of her husband's death. We agree with the court of appeals that this interpretation contradicts the language of the statute. By not allowing the benefit to pass through the beneficiary prior to filing the application, § 40.02(8)(b) supports the conclusion that a beneficiary is not entitled to the death benefit until the application is filed pursuant to § 40.71(3). As the Department argues, if the named beneficiary had a property interest prior to submitting the beneficiary designation or the application, it would pass to her heirs, not the participant's heirs, upon her death.[10]
¶ 17. Fifth, Fazio argues that Wis. Stat. § 40.19[11] creates a contract between the Department and the participant requiring the Department to pay the designated *114 beneficiary.[12] As the court of appeals explained, the provisions of ch. 40 constitute the contractual agreement between a participant and the Department. Thus, concluding that § 40.19 creates a contract does not answer the question of when a beneficiary is entitled to a death benefit.
¶ 18. Sixth and finally, relying on Wisconsin Professional Police Ass'n, Inc. v. Lightbourn, 2001 WI 59, 243 Wis. 2d 512, 627 N.W.2d 807, and Wisconsin Retired Teachers Ass'n, Inc. v. Employe Trust Funds Board, 207 Wis. 2d 1, 558 N.W.2d 83 (1997), Fazio claims that beneficiaries of participants have a protected property right in the WRS funds. However, as the court of appeals explained, Lightbourn and Wisconsin Retired Teachers Ass'n address whether participants have a property right. Neither this court nor the court of appeals has held that beneficiaries have a property right in the fund itself.
¶ 19. We agree with the court of appeals' discussion of the legal principles applicable to the present case and do not repeat that discussion here. Rather, we adopt ¶¶ 3-18 of the opinion of the court of appeals, 2005 WI App 87, 280 Wis. 2d 837, 696 N.W.2d 563, as the opinion of this court. Accordingly we affirm the decision of the court of appeals.
By the Court.  The decision of the court of appeals is affirmed.
*115 
NOTES
[1] Fazio v. Dep't of Employee Trust Funds, 2005 WI App 87, 280 Wis. 2d 837, 696 N.W.2d 563.
[2] We refer to the class and Fazio collectively as "Fazio" and treat the facts of Fazio's case as illustrative of the facts of the other members of the class.
[3] Article I, Section 13 states: "The property of no person shall be taken for public use without just compensation therefor."
[4] All references to the Wisconsin Statutes are to the 2003-2004 version unless otherwise noted.
[5] While some facts in this matter may be disputed, the material facts related to the distribution of death benefits to Fazio are subject to a May 15, 2005 stipulation by the parties.
[6] The benefit was paid under § 40.73(1)(c) because that amount was greater than the standard benefit payment provided for by Wis. Stat. § 40.73(1)(am).
[7] Fazio v. Dep't of Employee Trust Funds, 2002 WI App 127, ¶ 1, 255 Wis. 2d 801, 645 N.W.2d 618.
[8] See Wis. Stat. § 40.01(1):

(1) Creation. A "public employee trust fund" is created to aid public employees in protecting themselves and their beneficiaries against the financial hardships of old age, disability, death, illness and accident, thereby promoting economy and efficiency in public service by facilitating the attraction and retention of competent employees, by enhancing employee morale, by providing for the orderly and humane departure from service of employees no longer able to perform their duties effectively, by establishing equitable benefit standards throughout public employment, by achieving administrative expense savings and by facilitating transfer of personnel between public employers.
[9] See, e.g., State Teachers' Ret. Bd. v. Giessel, 12 Wis. 2d 5, 10, 106 N.W.2d 301 (1960) (under predecessor to ch. 40, "the legislature and the plaintiff board are not free to spend or appropriate the earnings of the fund except in a manner authorized by statute relating to the state teachers' retirement system.").
[10] Wisconsin Stat. § 40.02(8)(b) provides:

"Beneficiary" does not include a person who dies before filing with the department either a beneficiary designation applicable to that death benefit or an application for any death benefit payable to the person . . . . If a person dies after filing a beneficiary application but before the date on which the benefit check . . . is issued . . . any benefit payable shall be paid in accord with the written designation of [the] beneficiary, if any, filed with the department in connection with the application or, if none, in accord with the last designation previously filed by the person, or otherwise to the person's estate.
[11] Wisconsin Stat. § 40.19 provides in relevant part:

(1) Rights exercised and benefits accrued to an employee under this chapter for service rendered shall be due as a contractual right and shall not be abrogated by any subsequent legislative act.
[12] See Wis. Retired Teachers Ass'n, Inc. v. Employee Trust Funds Bd., 207 Wis. 2d 1, 19, 558 N.W.2d 83 (1997) (under ch. 40, "WRS annuitants have a contract right to have dividends distributed consistent with s. 40.27(2)"); Giessel, 12 Wis. 2d at 9-10 (under predecessor to ch. 40, "the teachers have a contractual relationship with the state and a vested right in the state teachers' retirement system").